UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

VICTOR CHRISTIANSEN, *et al.*,

    Plaintiffs,

v.

WELLS FARGO BANK NA, *et al.*,

    Defendants.
_____/

No. C-12-02526 DMR

**ORDER GRANTING DEFENDANT'S MOTION FOR ATTORNEYS' FEES**

This matter comes before the court on Defendant Wells Fargo Bank's ("Wells Fargo") Motion for Award of Attorneys' Fees. The court conducted a hearing on March 28, 2013. Defendant's counsel was present. Plaintiffs' counsel did not appear. For the reasons set forth below, the court hereby GRANTS the motion.

**I. BACKGROUND AND PROCEDURAL HISTORY**

On January 1, 2005, Plaintiffs Victor and Olga Christiansen executed and recorded a deed of trust on real property located at 712 Raineer Court, San Leandro, California (the "property"), securing a promissory note in favor of World Savings Bank, FSB ("World Savings Bank") for $533,680. (Oct. 1, 2012 Order Granting Mot. to Dismiss ("Oct. 1, 2012 Order") 1; Def.'s Request

for Judicial Notice ("Def.'s RJN"), Exs. D, E.)[1]  World Savings Bank was renamed Wachovia Mortgage, FSB on December 31, 2007.  (Oct. 1, 2012 Order 2.)  On November 1, 2009, the bank was converted to a national bank with the name Wells Fargo Bank Southwest, N.A., and merged into Wells Fargo Bank, N.A. ("Wells Fargo").  (Oct. 1, 2012 Order 2.)

Plaintiffs defaulted on the loan, prompting Defendant to initiate foreclosure proceedings. (Oct. 1, 2012 Order 2.)  On December 1, 2011, Plaintiffs filed suit against Defendant alleging three causes of action: (1) quiet title; (2) slander of title; and (3) injunctive relief.  Defendant removed the case on May 16, 2012 and filed a motion to dismiss Plaintiffs' complaint, motion to strike, and motion to expunge notice of pending action on May 23, 2012.  [Docket Nos. 5, 7, 8.]  Plaintiffs subsequently filed an amended complaint, alleging causes of action for (1) slander of title; (2) wrongful foreclosure; and (3) violation of state unfair competition law under California Business and Professions Code section 17200.  [Docket No. 17.]  Defendant filed motions to dismiss Plaintiffs' first amended complaint, to strike, and to expunge a notice of pending action on July 2, 2012.  [Docket Nos. 19, 20, 21.]

Following a hearing on Defendant's motions, the court dismissed with prejudice Plaintiffs' claims based upon a "securitization" theory and granted Plaintiffs leave to amend by October 11, 2012.  (Oct. 1, 2012 Order 15; Def.'s RJN Ex. A.)  Plaintiffs did not file an amended complaint.  On October 22, 2012, the court ordered Plaintiffs to show cause by October 30, 2012 why the case should not be dismissed for failure to prosecute.  [Docket No. 40.]  Plaintiffs did not respond to the

---

[1] The court grants Defendant's request for judicial notice of Exhibit D, the mortgage note and Exhibit E, the deed of trust,  because these documents and their contents are "fact[s] that [are] not subject to reasonable dispute because [they] . . . (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see Gamboa v. Tr. Corps & Cent. Mortg. Loan Servicing Co.*, No. 09-0007 SC, 2009 WL 656285, at *3 (N.D. Cal. Mar. 12, 2009) (noting that deeds of trust are "part of the public record and are easily verifiable"). The court also may consider the mortgage note because it is a document upon which Plaintiffs' complaint "necessarily relies." *See Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) ("A court may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity." (citation omitted)).

In addition, the court grants Defendant's request for judicial notice of Exhibit A, the September 28, 2012 Minute Order regarding the hearing on Defendant's Motion to Dismiss, Exhibit B, the November 1, 2012 Order Dismissing the Case, and Exhibit C, the January 29, 2013 Judgment of Dismissal.  *See Lee v. City of L.A.*, 250 F.3d 668, 669 (9th Cir. 2001) (holding that a court may take judicial notice of "matters of public record").

Order to Show Cause, and on November 1, 2012, the court dismissed the action without prejudice for failure to prosecute. (Def.'s RJN, Ex. B.) The court entered a Judgment of Dismissal on January 29, 2013. (Def.'s RJN, Ex. C.)

## II. LEGAL STANDARDS

The court applies California state law regarding attorneys' fees in this diversity case. *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 259 n.31 (1975); *Sunnyside Dev. Co., LLC v. Opsys Ltd.*, No. C 05 0553 MHP, 2007 WL 2462141, at *1 (N.D. Cal. 2007) (citing *Farmers Ins. Exch. v. Law Offices of Conrado Joe Sayas, Jr.*, 250 F.3d 1234, 1236 (9th Cir. 2001)). "'Unless authorized by either statute or agreement, attorney's fees ordinarily are not recoverable'" in California. *Id.* (quoting *Reynolds Metals Co. v. Alperson*, 25 Cal. 3d 124, 127 (1979)).

California Civil Code section 1717(a) governs contractual fee provisions:

> In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not shall be entitled to reasonable attorney's fees in addition to other costs.

The starting point for determining reasonable attorneys' fees is the "lodestar," which is calculated by multiplying the number of hours reasonably expended on litigation by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). In determining a reasonable amount of hours, the court must review time records to decide whether the hours claimed by the applicant are adequately documented and whether any of the hours were unnecessary, duplicative or excessive. *Chambers v. City of L.A.*, 796 F.2d 1205, 1210 (9th Cir. 1986), *reh'g denied*, *amended on other grounds*, 808 F.2d 1373 (9th Cir. 1987). To determine reasonable hourly rates, the court must look to the prevailing rate in the community for similar work performed by attorneys of comparable skill, experience, and reputation. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008).

There is a strong presumption that the lodestar figure represents a reasonable fee. *See Prison Legal News v. Schwarzenegger*, 561 F. Supp. 2d 1095, 1100 (N.D. Cal. 2008) (citing *Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1262 (9th Cir. 1987)). However, the court may adjust the award from the lodestar figure upon consideration of additional factors, not already subsumed within the

initial lodestar calculation, that may bear upon reasonableness. *Id.* (citing *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975)). The court may, for example, reduce an award for attorneys' fees for unnecessarily duplicative work, if the court provides "a clear explanation" as to why those hours were truly unnecessary. *Mendez v. Cnty. of San Bernandino*, 540 F.3d 1109, 1130 (9th Cir. 2008) (citing *Moreno v. City of Sacramento*, 534 F.3d 1106, 1113 (9th Cir. 2008)). Further, the court must consider the results obtained by the prevailing party or the extent of his success. *Id.* (citing *Morales v. City of San Rafael*, 96 F.3d 359, 364 (9th Cir. 1996)).

Parties may also seek reasonable attorneys' fees for work performed on the application for attorneys' fees and costs ("fees on fees"). *Anderson v. Dir., Office of Workers Comp. Programs*, 91 F.3d 1322, 1325 (9th Cir. 1996); *Bernardi v. Yeutter*, 951 F.2d 971, 976 (9th Cir. 1991).

### III.  ANALYSIS

#### A.  Contractual Fee Provisions

Defendant argues that as the prevailing party, it is entitled to recover attorneys' fees as expressly provided for in its contracts with Plaintiffs, pursuant to California Civil Code section 1717. *See also* Cal. Civ. Proc. Code § 1021 (providing that "[e]xcept as attorney's fees are specifically provided by statute, the measure and mode of compensation of attorneys . . . is left to the agreement, express or implied, of the parties"). The deed of trust and promissory note that Plaintiffs signed on December 29, 2004 each contain fee provisions. Paragraph 7(E) of the note provides:

> **(E) Payment of Lender's Costs and Expenses**
> The lender will have the right to be paid back by me for all of its costs and expenses in enforcing the Note to the extent not prohibited by applicable law. Those expenses may include, for example, reasonable attorneys' fees and court costs.

(Def.'s RJN, Ex. D at 4.) The deed of trust contains an attorneys' fee provision at paragraph 7 of the Covenants section:

> **7.  LENDER'S RIGHT TO PROTECT ITS RIGHTS IN THE PROPERTY**
> If: (A) I do not keep my promises and agreements made in this Security Instrument, or (B) someone, including me, begins a legal proceeding that may significantly affect Lender's rights in the Property (such as a legal proceeding in bankruptcy, in probate, for condemnation or to enforce laws or regulations), then Lender may do and pay for whatever it deems reasonable or appropriate to protect the Lender's rights in the Property. Lender's actions may, without limitation, include appearing in court, paying reasonable attorneys' fees, . . .

4

> I will pay to Lender any amounts which Lender advances under this Paragraph 7 with interest, at the interest rate in effect under the Secured Notes . . .

(Def.'s RJN, Ex. E at 7.) Under their plain meaning, these fee provisions apply to the fees incurred by Defendant in defending its rights in the note and in the property against Plaintiffs' lawsuit. Plaintiffs alleged that Wells Fargo was not legally entitled to initiate or complete foreclosure proceedings because it did not have a lawful ownership or security interest in the note or deed of trust. (Oct. 1, 2012 Order 4, 8.) Plaintiffs' action therefore challenged the underlying validity of the mortgage obligation, and Wells Fargo's defense of this case was undertaken to protect its "rights in the Property" pursuant to paragraph 7 of the deed of trust and to enforce the note pursuant to paragraph 7(E) of the note. *See Coppes v. Wachovia Mortg. Corp.*, No. 2:10-CV-01689-GEB-DAD, 2011 WL 4852259, at *2 (E.D. Cal. Oct. 12, 2011) (citing *Siligo v. Catellucci*, 21 Cal. App. 4th 873, 878 (1994)).

Plaintiffs argue that the fee provisions do not entitle Defendant to an award of fees in this case for several reasons. First, they argue that Defendant is not a party to or a third party beneficiary of the note or the deed of trust, and therefore it may not benefit from the contractual attorneys' fees clause. (Pls.' Opp'n 3-4.) This argument essentially is premised on Plaintiffs' theory that Wells Fargo was not the true successor to the beneficial interest in the deed of trust due to the alleged securitization of the loan, which this court held failed as a matter of law in its order granting Defendant's motion to dismiss Plaintiffs' amended complaint. (*See* Oct. 1, 2012 Order 4-8.) Further, this argument ignores a plain reading of the deed of trust, which expressly provides that the "Lender" is "WORLD SAVINGS BANK, FSB" and "ITS SUCCESSORS AND/OR ASSIGNEES." (Def.'s RJN, Ex. E at 1.) Many courts have recognized Wells Fargo's interest in the note and deed of trust following World Savings Bank's name change and eventual merger with Wells Fargo. *See Sami v. Wells Fargo Bank*, No. C 12-00108 DMR, 2012 WL 967051, at *4-5 (N.D. Cal. Mar. 21, 2012); *Hague v. Wells Fargo Bank, N.A.*, No. C11-02366 THE, 2011 WL 6055759, at *6 (N.D. Cal. Dec. 6, 2011) (finding World Savings Bank and Wells Fargo are "one and the same"); *Nguyen v. Wells Fargo Bank, N.A.*, 749 F. Supp. 2d 1022, 1035 (N.D. Cal. 2010) (noting transfers in interest from World Savings Bank to Wells Fargo via Wachovia were proper); *DeLeon v. Wells Fargo Bank,*

*N.A.*, 729 F. Supp. 2d 1119, 1121 (N.D. Cal. 2010) (recognizing the name change and merger). Accordingly, the court finds the Defendant has the right to enforce the terms of the note and deed of trust.

Second, Plaintiffs contend that there is no prevailing party in this matter, since their claims were dismissed without prejudice for failure to prosecute. (Pls.' Opp'n 3 (citing Cal. Civ. Code § 1717(b)(1) (providing that court may determine there is no prevailing party)). California Civil Code section 1717(b)(1) provides that the prevailing party is the party that obtains the greater relief in the action. Defendant successfully defended the contracts at issue and Plaintiffs recovered nothing by way of their suit. The court therefore finds that Defendant is the prevailing party in this action and is thus entitled to attorneys' fees as expressly provided in the note and deed of trust. This decision is consistent with other courts' analysis of identical fee provisions. *See Coppes*, 2011 WL 4852259, at *2-3 (E.D. Cal. Oct. 12, 2011) (awarding $13,071.50 in fees to prevailing defendant where court granted defendant bank's motion to dismiss); *Smith v. World Sav. & Loan Ass'n.*, No. 2:10-CV-02855 JAM-JFM, 2011 WL 1833088, *2 (E.D. Cal. May 12, 2011) (awarding fees where court granted defendant's motion to dismiss); *Gilbert v. World Sav. Bank, FSB*, No. C 10-05162 WHA, 2011 WL 995966 (N.D. Cal. Mar. 21, 2011) (awarding defendant fees where case was dismissed for plaintiff's failure to prosecute).

Plaintiffs' argument that the Defendant is not entitled to fees because the matter was dismissed without prejudice is not persuasive. Defendant obtained a favorable result in this case. That Plaintiffs arguably could file another lawsuit does not alter this fact. Numerous courts have found that a defendant who obtains a dismissal is entitled to fees pursuant to section 1717 regardless of whether the dismissal is with or without prejudice. *See Cano v. Glover*, 143 Cal. App. 4th 326, 331 (2006) ("Defendant is entitled to costs regardless of whether the dismissal is with or without prejudice"); *Foothill Props. v. Lyon/Copley Corona Assoc.*, 46 Cal. App. 4th 1542 (1996) (noting that defendant who successfully defends contract action is prevailing party even absent affirmative relief).

Finally, Plaintiffs argue that Defendants are not entitled to an award of attorneys' fees because they did not serve or file a memorandum of prejudgment costs within fifteen days of the

1  court's entry of judgment pursuant to California Code of Civil Procedure section 1034. Plaintiffs
2  provide no support for their contention that Defendant must comply with this state procedural rule in
3  federal court. As Defendant notes, it has complied with Civil Local Rule 54-5, which requires that
4  the parties meet and confer to resolve disputed issues relating to attorneys' fees before moving for an
5  award of attorneys' fees. (La Decl., Mar. 28, 2013, ¶ 2, Ex. B.)

**B.     Reasonable Attorneys' Fees**

Defendant seeks an award of attorneys' fees in the amount of $10,593.50 for work performed from April 20, 2012 through March 28, 2013, the date of the hearing on this motion. Defendant submitted detailed time records to support its fee request. (*See* Flewelling Decl., Feb. 12, 2013, Ex. A.) The invoices for the months during which this case was litigated through the date of the entry of judgment (April 2012 through January 29, 2013) show that Defendant's counsel billed the following hours and rates:

| Attorney/Paralegal | Years of Practice | Rate | Hours Claimed | Total Fee |
|---|---|---|---|---|
| M. Flewelling | 32 | $350.00 | - | - |
| D. La | 8 | $275.00 | 50.1 | $13,777.50 |
| C. Carr | 38 | $330.00 | 2.6 | $858.00 |
| M. Coyle | 9 | $275.00 | 1.7 | $467.50 |
| M. Rapkine | 11 | $275.00 | 0.3 | $82.50 |
| G. Hernandez/Paralegal | 15 | $155.00 | 15.6 | $2,418.00 |
| H. Saller/Paralegal | 13 | $160.00 | - | - |
| M. Sinclair/Paralegal | 6 | $140.00 | 0.4 | $56.00 |
| **TOTAL** | | | 70.7 | $17,659.50 |

(Flewelling Decl., Ex. A.)

Additionally, D. Dennis La, Defendant's counsel of record, seeks a total of $2,793.50 in attorneys' fees for 12.2 hours of work by three separate individuals on the present motion.[2] (La Decl., Feb. 12, 2013, ¶ 8.)  The requested amount for fees on fees comprises 5.6 hours spent by paralegal Saller ($160/hr – total $896), 5.5 hours spent by attorney La ($275/hr – total $1,512.50), and 1.1 hours spent by attorney Flewelling ($350/hr – total $385).

Although Defendant's firm "billed" its client $17,659.50 through the January 29, 2013 entry of judgment, the firm only collected a capped fee of $7,800.00 for its work, per its agreement with Defendant.  Therefore, Defendant seeks $7,800.00 plus $2,793.50 for work preparing and arguing the present fee motion, for a total award of $10,593.50.

### 1. Reasonable Hourly Rate

Defendant's counsel seeks rates varying from $140-$160 for paralegal support to $275-$350 for attorneys.  Plaintiffs did not object to the reasonableness of the hourly rates, and this court previously has assessed these rates and found them to be reasonable and consistent with the market rate for similar litigation within this district.  *See Sami*, 2012 WL 3204194, at *6.

### 2. Reasonableness of Time Spent

The time spent by counsel litigating this action through the January 2013 entry of judgment included: reviewing and analyzing the complaint and attachments; removing the case; preparing and filing briefs on the motion to dismiss; attending court hearings; and communicating with client and opposing counsel.  The court finds that performance of these tasks was necessary for the defense of this action.  The time spent on compensable work is adequately documented, and does not appear to be unnecessary, duplicative, or excessive.  The court notes that after Defendant removed this action to federal court, the parties litigated two motions before this court.

Plaintiffs argue that many of the billed items do not pertain to contract claims or defenses.  However, Defendant incurred fees in defending and enforcing the contracts, which Plaintiffs alleged

---

[2] Defendant's calculation of time spent preparing the fee motion contains a computational error. (*See* La Decl., Feb. 12, 2013, ¶ 8.)  Defendant estimates that it will incur between $1,389.50 (without opposition review, reply preparation, and hearing attendance) and $2,489.50 (with opposition review, reply preparation, and hearing attendance) in fees. (La Decl. ¶ 8.)  Plaintiffs opposed the motion, necessitating the preparation of a reply brief and a hearing.  Therefore, based on Defendant's time estimates, the correct amount of attorneys' fees incurred on the motion is $2,793.50.

8

was invalid. Regardless of Plaintiffs' theory of liability, Defendant was obligated to incur such fees to defend against Plaintiffs' suit and enforce their right under the contracts to foreclose on the property. Thus, parsing the fees incurred for each claim or defense is neither possible nor appropriate, and the court finds that all of time spent defending this action was justified.

The court also finds that the overall number of hours spent by each of the timekeepers in this matter is reasonable through the date of the entry of judgment. Defendant does not seek any upward adjustment from the lodestar figure. Rather, it seeks a downward adjustment based on its capped fee arrangement with counsel. In light of the actual time billed ($17,659.50 through January 29, 2013) as well as the rates and tasks at issue, the reduced fee amount of $7,800 is reasonable.

However, the court finds that some of the time spent on the fee motion was duplicative and/or unnecessary. The motion was simple and straightforward. While the 5.6 hours spent by a paralegal to prepare the motion and supporting documents appears reasonable, two different attorneys spent a total of 2.6 hours reviewing and editing the motion. The court finds the review time spent by two attorneys to be duplicative. Therefore, the court reduces the amount sought for the fee motion by $385, representing 1.1 hours of work by Mr. Flewelling. In addition, Defendant seeks fees for 1.5 hours spent attending the hearing on the motion. The hearing was very brief and counsel could have appeared by telephone. Accordingly, the court reduces by one hour the time spent appearing at the hearing. Therefore, the court awards Defendant a total of $9,933.50, representing $7,800 for fees incurred through the date of entry of judgment and $2,133.50 on the fee motion (comprising 5.6 hours spent by paralegal Saller and 4.5 hours spent by attorney La).

**C.     Assessment of Fees Against Plaintiffs' Counsel and Plaintiffs**

The record in this matter raises the concern that the actions of Plaintiffs' counsel contributed unnecessarily to the costs of defense. Here, Plaintiffs failed to file a second amended complaint, necessitating an order to show cause, to which Plaintiffs did not respond. After advising Defendant's counsel that he would oppose the fee motion, Plaintiffs' counsel filed an ineffective, inattentive opposition, necessitating a reply and a hearing on the motion, and then did not show up for the hearing. The pleadings filed on behalf of Plaintiffs were haphazard, and had the feel of being cut and pasted from other cases. For this reason, as a matter of equity, the court orders Plaintiffs and

Plaintiffs' attorney Michael Yesk to each pay half ($4,966.75) of the total amount of fees awarded to Defendant.  In several recent mortgage cases, district courts have awarded contractual attorneys' fees due to the lender against the plaintiffs' attorney for their "unnecessary multipl[ications of the] proceedings" and patterns of misconduct.  *See Omega v. Wells Fargo & Co.*, No. C-11-02621 (EDL), 2012 WL 2249820, at *5 (N.D. Cal. June 15, 2012) (collecting cases).  It appears to this court that Plaintiffs' counsel's actions may well have contributed to the unnecessary accumulation of attorneys' fees in this action, and therefore it would be unjust to order Plaintiffs' to pay the entire amount of attorneys' fees awarded.  This determination is without prejudice to future adjustment for good cause shown.

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion for an award of attorneys' fees is GRANTED. Defendant is awarded attorneys' fees in the amount of $9,933.50.  Plaintiffs and Mr. Yesk shall each pay half of that amount to Defendant as set forth above within thirty days of the date of this order.

IT IS SO ORDERED.

Dated: May 1, 2013



DONNA M. RYU
United States Magistrate Judge